**UNITED STATES of America**

v.

**John William DINEEN.**

**Crim. A. No. 71-31.**

United States District Court,
D. Massachusetts.

June 7, 1971.

Herbert F. Travers, U. S. Atty., Frederic R. Kellogg, Asst. U. S. Atty., for United States.

Paul R. Devin, Peabody & Arnold, Boston, Mass., for defendant.

OPINION

FRANCIS J. W. FORD, District Judge.

Defendant, who is charged with refusing to obey an order of his local draft board to submit to induction in the armed forces of the United States, moves on several grounds to dismiss the indictment. One ground, at least, merits serious consideration.

Defendant, in February, 1969, filed with his local board a request on Selective Service Form 150 for classification as a conscientious objector, together with supporting affidavits. On August 27, 1969, he had a personal appearance before the board, which on that same day classified him as I-A. On September 26, 1969, defendant sent a letter of appeal to the Appeal Board for Massachusetts, which later affirmed his I-A classification. On December 22, 1970,

defendant was ordered to report for induction on January 19, 1971. He allegedly refused to submit to induction on that date.

Defendant contends that he is entitled to dismissal of the indictment when, after he has established a prima facie case entitling him to a I–O classification, the local board denies him that classification and fails to give reasons for its denial prior to his appeal.

The Selective Service Regulations authorize a registrant who appeals from the local board's classification to attach to his appeal a statement as to why he believes that classification was wrong. 32 C.F.R. 1626.12. The Regulations do not specifically require the local board to state the reasons for its decision. However, numerous recent decisions have held that an effective right of appeal requires that the board should state its reasons for its determination whenever the registrant has set forth a prima facie case for the classification which he requests. In the absence of such a statement, the registrant has no way of knowing why the local board acted as it did and of effectively pointing out why its decision was wrong or bringing forth further information to remedy what they may have considered a defect in his case. The board may have acted for thoroughly unacceptable reasons and yet that fact can never be discovered when the reasons for its action remain unknown; nor can a court, on subsequent judicial review, determine whether there was a basis in fact for rejection of the claim when the basis for the action has never been disclosed. Scott v. Commanding Officer, 3 Cir., 431 F.2d 1132; United States v. Broyles, 4 Cir., 423 F. 2d 1299; United States v. Haughton, 9 Cir., 413 F.2d 736.

The government relies on United States v. Curry, 1 Cir., 410 F.2d 1297, as holding that the law is otherwise in this Circuit. In Curry, the court did refuse to impose on the local board the duty of stating the reasons for its decisions where the Regulations did not affirmatively require such a statement. But Curry differed from the cases above cited in that there the registrant's application clearly failed to show that he was conscientiously opposed to war in any form and hence failed to make out a prima facie case for entitlement to a conscientious objector classification. The court indicated, moreover, that under other circumstances, and particularly on a showing of prejudice, a different rule might be adopted.

Defendant's application in this case clearly sets out a conscientious opposition to war in any form, which establishes a prima facie case for I–O classification, Welsh v. United States, 398 U. S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308; United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733. Defendant did not request a statement of the board's reasons. However, his letter to the Appeal Board clearly demonstrates that his effort to effectively prosecute his appeal was prejudiced by the absence of such a statement. In the circumstances, he could not attack the validity of the board's reasons, since no one knew them. At best, he could only point out, on the basis of his prior dealings with the board and his recollection of the tenor of their interrogation at his personal appearance, that there were certain improper considerations which might have been the basis for their decision.

Defendant's classification may have been based on proper grounds or on erroneous ones. From the record, absent any indication of the local board's reasons for its action, no one can ever tell which. An indictment based on such a foundation should not stand. United States v. Jakobson, 2 Cir., 325 F.2d 409, 416.

Defendant's motion to dismiss the indictment is allowed.